IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, *ex rel.* MICHAEL DeWINE OHIO ATTORNEY GENERAL | : : : | |
| Plaintiff. | : : | Case No. 2:14-cv-1843 |
| v. | : : | JUDGE GEORGE C. SMITH Magistrate Judge Kemp |
| SUPERIOR FIBERS, INC., *et al.* | : : | |
| Defendants. | : : | |

## CONSENT DECREE AND FINAL JUDGMENT ENTRY BETWEEN THE STATE AND REICHHOLD, INC.

WHEREAS on September 30, 2014 (the "Petition Date"), Reichhold, Inc. ("Reichhold") and certain of its affiliates entities ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") ("Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered under Case Number 14-12237 (MFW) ("Bankruptcy Case");

WHEREAS on October 9, 2014, the State of Ohio, *ex rel.* Michael DeWine, Ohio Attorney General filed a Complaint in the United States District Court for the Southern District of Ohio, Case No. 2:14-cv-01843 ("District Court Case"), against Defendant Reichhold and other Defendants for liability and/or violations pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. §§ 9601 *et seq.*, Ohio Rev. Code Chapters 6111, 3734, 3767 and 6111, and the common law

associated with the property located at 499 North Broad Street, Bremen, Fairfield County, Ohio ("Site"). The State's commencement and continuation of this action against Defendant Reichhold is exempted from the automatic stay provision of the U.S. Bankruptcy Code pursuant to 11 U.S.C. § 362(b)(4).

WHEREAS the State has alleged in the Complaint that Defendant Reichhold, as a former owner of the Site, is responsible for the contamination at and migrating from the Site.

WHEREAS, On December 8, 2014, Defendant Reichhold filed its Answer to the Complaint, denying the State's claims as alleged in the Complaint.

WHEREAS on October 15, 2014, the State filed a Motion for Preliminary Injunction that seeks an order enjoining Defendant Reichhold and the other Defendants named in the Complaint to implement an Interim Action to address the plume of ground water contamination that is migrating in ground water towards the Village of Bremen's public water supply and private wells. As provided by an October 24, 2014 Order, the State and Defendant Reichhold conducted discovery on the issues raised in the State's Motion for Preliminary Injunction.

WHEREAS the State and Defendant Reichhold (the "parties") engaged in settlement negotiations and have agreed to the terms and conditions of a Settlement Agreement, approved by the Bankruptcy Court and attached herein as Attachment A, and this Consent Decree to address the relief the State is seeking against Defendant Reichhold in the Complaint and Motion for Preliminary Injunction.

NOW, THEREFORE, without the admission of liability or any adjudication on any issue of fact or law, and upon the consent and agreement of the parties to this Consent Decree by their

2

attorneys and authorized officials, it is hereby agreed as follows:

## I. JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (Federal Question) and 42 U.S.C. § 9613 (b) (CERCLA). This Court has jurisdiction over the claims brought under Ohio Rev. Chapters 6111, 3734, 3767 and the common law, pursuant to 28 U.S.C. § 1367 (Supplemental Jurisdiction). This Court has jurisdiction over the parties. Venue is proper in this Court. The Complaint states a claim upon which relief can be granted.

## II. PARTIES BOUND

2.     The provisions of this Consent Decree shall apply to and be binding upon the State, and Defendant Reichhold, and Defendant Reichhold's successors in interest and assigns and others to the extent provided by Federal Civil Rule 65(d).

## III. ORDER TO COMPLY WITH APPROVED BANKRUPTCY SETTLEMENT AGREEMENT

3.     The parties are ordered to comply with the terms and conditions of the Settlement Agreement approved by the Bankruptcy Court in the Bankruptcy Case.

## III. SATISFACTION OF LAWSUIT

4.     Except as provided in Section V, Reservation of Rights, compliance with the terms of the Settlement Agreement and this Consent Decree shall constitute full satisfaction of any civil liability of Defendant Reichhold to the State for all claims alleged in the Complaint and for the relief sought by the State's Motion for Preliminary Injunction.

3

## IV. NO SATISFACTION OF LAWSUIT AND/OR A RELEASE OF CLAIMS FOR THE OTHER DEFENDANTS OR ANY OTHER PERSON

5.      This Consent Decree constitutes a settlement solely between the State and Defendant Reichhold. Nothing in this Consent Decree shall constitute or be construed as a release and/or satisfaction of the claims alleged in the Complaint and for the relief sought by the State's Motion for Preliminary Injunction against the other Defendants named in the Complaint. Furthermore, nothing in this Consent Decree shall constitute or be construed as a release from any claim, cause of action, or demand in law or equity against the other Defendants named in the Complaint or any person, firm, partnership, or corporation, not subject to this Consent Decree for any liability arising from, or related to, events or conditions at the Site.

## V. RESERVATION OF RIGHTS

6.      This Consent Decree shall not be construed to limit the authority of the State to seek relief for claims or conditions not alleged in the Complaint or for claims or conditions alleged in the Complaint that occur after the Effective Date of this Consent Decree and which arise out of new or additional actions by Reichhold regarding contamination at or migrating from the Site after the effective date of this Consent Decree, except that Reichhold may maintain that any subsequent action was or is barred by the Bankruptcy Code.

7.      The State reserves the right to seek legal and/or equitable relief to enforce the requirements of this Consent Decree, including penalties against Defendant Reichhold for noncompliance with this Consent Decree.

4

8.      By entering into this Consent Decree, Defendant Reichhold does not waive any defenses that they may legally raise in any potential future action identified in Paragraphs 6 and 7 nor does Defendant Reichhold waive any claims or defenses against any others not a party to this Consent Decree. However, Defendant Reichhold shall not assert, and may not maintain any defense or claim based upon statute of limitations or the principles of waiver, laches, res judicata, collateral estoppel, claim preclusion, issue preclusion, claim splitting or other defense based upon the contention that the claims brought by the State in a subsequent action were or should have been brought in the instant action, except that Reichhold may maintain that any subsequent action was or is barred by the Bankruptcy Code.

## VI.  MODIFICATION

9.      No modification shall be made to this Consent Decree without the written agreement of the State and Defendant Reichhold and approval by the Court.

## VII.  INCORPORATION OF THE SETTLEMENT AGREEMENT

10.      The State and Defendant Reichhold agree that the Settlement Agreement attached to this Consent Decree is an enforceable part of this Consent Decree.

## VIII.  RETENTION OF JURISDICTION

11.      This Court shall retain jurisdiction of this action for the purpose of enforcing this Consent Decree.

## IX.  ENTRY OF CONSENT DECREE AND JUDGMENT BY CLERK

12.      Upon signing of this Consent Decree by the Court, the clerk is directed to enter it.

## X. AUTHORITY TO ENTER INTO THE CONSENT DECREE

13.     Each signatory for a corporation represents and warrants that he/she has been duly authorized to sign this document and so bind the corporation to all terms and conditions thereof.

## XI. EFFECTIVE DATE

14.     This Consent Decree shall be effective upon the date of its entry by the Court.

IT IS SO ORDERED.

JUDGE GEORGE C. SMITH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

APPROVED:

**MICHAEL DeWINE**
**OHIO ATTORNEY GENERAL**

TIMOTHY J. KERN (0034629)
Assistant Attorney General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, Ohio 43215
(614) 466-5261
Timothy.Kern@OhioAttorneyGeneral.gov

*Counsel for State of Ohio*

CHRISTOPHER R. SCHRAFF (0040595)
PORTER WRIGHT MORRIS & ARTHUR
LLP
41 South High Street
Suite 2800-3200
Columbus, Ohio 43215
(614) 227-2100
cschraff@porterwright.com

*Counsel for Defendant Reichhold, Inc.*

6

REICHHOLD, INC.

By: _Ror L Weller._

Print Name: _Roger L. Wills_

Title: _Chief Financial Officer_

7

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
                  :

In re:                       :    Chapter 11

                          :    Case No. 14-12237 (MFW)
REICHHOLD HOLDINGS US, INC., *et al.*,  :

                         :    (Jointly Administered)
        Debtors.[1]           :

                         :    Related to Docket No. 1026
------------------------------------------------------x

## ORDER APPROVING THE SETTLEMENT WITH THE STATE OF OHIO AND AUTHORIZING REICHHOLD LIQUIDATION, INC. TO ENTER THAT SETTLEMENT

On the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors")

in the above-captioned cases (the "Chapter 11 Cases") for an order approving the settlement

attached hereto as Exhibit 1 (the "Settlement"); and the Court having jurisdiction over

this proceeding under 28 U.S.C. §§ 157 and 1334; and this proceeding being core under

28 U.S.C. § 157(b); and venue of this proceeding being proper under 28 U.S.C. § 1409; and

the Court having reviewed the Motion, any objections to the Motion, and any responses

to those objections; and the Settlement being fair and equitable to the Debtors' creditors and

in the bests interests of the Debtors' estates, their creditors, and all other parties in interests; and

due notice of the Motion having been given; and after due deliberation, and sufficient cause

appearing; therefore,

    IT IS HEREBY ORDERED THAT:

    1.    Both the Motion and the relief requested therein are **GRANTED**.

---

[1]    The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: Reichhold Holdings US, Inc. (5768), Reichhold Liquidation, Inc. (f/k/a Reichhold, Inc.) (4826), Canadyne Corporation (7999), and Canadyne-Georgia Corporation (7170). The street address for the Debtors is 1035 Swabia Court, Durham, North Carolina 27703.

[2]    Capitalized terms not defined in this Order have the meanings given to those terms in the Motion.

2.     The Settlement is **APPROVED**.

3.     Reichhold Liquidation, Inc. ("Reichhold") is authorized to enter the Settlement.

4.     The Debtors are authorized take any action that is necessary or appropriate to implement this Order or to give effect to the relief granted herein, including execution of the consent decree that, under the Settlement, will be entered in Case no. 14-01843 (GCS) by the U.S. District Court for the Southern District of Ohio.

5.     Roger L. Willis is authorized to execute the Settlement on behalf of Reichhold and to execute any other document that is necessary or appropriate to execute the Settlement on behalf of the Debtors.

6.     This Order is effective immediately, notwithstanding FED. R. BANKR. P. 6004(h).

7.     The Court retains jurisdiction over any matter arising from or related to this Order or the Settlement.

Dated: September 21, 2015
       Wilmington, Delaware

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

Settlement

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  | x |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| REICHHOLD HOLDINGS US, INC., *et al.,* | : | Case No. 14-12237 (MFW) |
|  | : |  |
| Debtors.[1] | : | Jointly Administered |
|  | : |  |
|  | x |  |

## SETTLEMENT AGREEMENT BETWEEN REICHHOLD, INC. AND THE STATE OF OHIO REGARDING REICHHOLD, INC.'S LIABILITY IN STATE OF OHIO V. SUPERIOR FIBERS, INC., ET AL., CASE NO. 2:14-CV-1843 (US DIST. CT., SOUTHERN DISTRICT OF OHIO)

This Settlement Agreement is made by and between  Reichhold, Inc. ("Reichhold") and

the State of Ohio, Ohio Attorney General Michael DeWine on behalf of the Ohio Environmental

Protection Agency ("State"), the "parties".

WHEREAS on September 30, 2014 (the "Petition Date"), Reichhold and certain of its

affiliates entities ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States

Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") ("Chapter 11 Cases").

The Chapter 11 Cases are being jointly administered under Case Number 14-12237 (MFW)

("Bankruptcy Case").  WHEREAS on October 9, 2014, the State of Ohio, *ex rel.* Michael

DeWine, Ohio Attorney General filed a Complaint in the United States District Court for the

Southern District of Ohio, Case No. 2:14-cv-01843 ("District Court"), against Reichhold and

other Defendants for liability and/or violations pursuant to the Comprehensive Environmental

Response, Compensation and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. §§

---

[1]    The Debtors in these cases, along with the last four digits in their federal tax identification numbers are:
Reichhold Holdings US, Inc. (5768), Reichhold Liquidation, Inc. (f/k/a Reichhold, Inc.)(4826). Canadyne
Corporation (7999), and Canadyne-Georgia Corporation (7170).  The street address for Debtors is 1035
Swabia Court, Durham, North Carolina 27703

9601 *et seq.*, Ohio Rev. Code Chapters 6111, 3734, 3767 and the common law associated with the property located at 499 North Broad Street, Bremen, Fairfield County, Ohio ("Site'). The State's commencement and continuation of this action against Reichhold is exempted from the automatic stay provision of the U.S. Bankruptcy Code pursuant to 11 U.S.C. § 362(b)(4).

WHEREAS the State has alleged in the Complaint that Reichhold, as a former owner of the Site, is responsible for the contamination at and migrating from the Site.

WHEREAS, on December 8, 2014, Reichhold filed its Answer to the Complaint, denying the claims set forth in the State's Complaint.

WHEREAS on October 15, 2014, the State filed a Motion for Preliminary Injunction that seeks an order enjoining Reichhold and the other Defendants to implement an Interim Action to address the plume of ground water contamination that is migrating in ground water towards the Village of Bremen's public water supply and private wells. As provided by an October 24, 2014 Order, the State and Reichhold conducted discovery on the issues raised in the State's Motion for Preliminary Injunction.

WHEREAS the State and Reichhold engaged in settlement negotiations and have agreed to the terms and conditions of this Settlement Agreement and a Consent Decree, attached herein as Attachment A, to address the relief the State is seeking against Reichhold in the Complaint and Motion for Preliminary Injunction.

WHEREAS the State filed (a) administrative claim No 2430 on March 9, 2015 to reflect the proposed Settlement Agreement (the "Administrative Claim") and (b) unsecured claim no. 4801 on March 30, 2015 (the "Unsecured Claim").

2

52719/0001-11845412v4

NOW, THEREFORE, without the admission of liability or any adjudication on any issue of fact or law, and upon the consent and agreement of the parties to this Settlement Agreement by their attorneys and authorized officials, it is hereby agreed as follows:

## EFFECTIVE DATE

1.   Effective Date means the date on which the Consent Decree is approved by the District Court.

## JURISDICTION

2.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## PARTIES BOUND, SUCCESSION, AND ASSIGNMENT

3.   This Agreement applies to, is binding upon, and shall inure to the benefit of State, the Debtors, their respective legal successors and assigns, and any trustee, examiner or receiver appointed in the Chapter 11 Cases.

## TERMS OF RESOLUTION

4.   In settlement and full satisfaction of the relief the State is seeking against Reichhold in the Motion for Preliminary Injunction, Reichhold agrees to pay the State seventy-five thousand dollars ($75,000) ("Preliminary Injunction Payment"). The Preliminary Injunction Payment shall be paid to the State in full by Reichhold from the bankruptcy estate and shall be paid within thirty (30) days of the Effective Date. The Preliminary Injunction Payment shall be made by electronic funds transfer according to payment instructions provided by counsel for the State. Reichhold shall send a copy of the transmittal letter to the State at the address in paragraph 9 below. The Preliminary Injunction Payment shall be in full satisfaction of the Administrative Claim which shall be deemed withdrawn.

3

52719/0001-11845412v4

5.      In settlement and full satisfaction of the relief the State is seeking against

Reichhold in the Complaint, Reichhold agrees that the State is allowed to maintain the

Unsecured Claim with respect to any remaining claims by the State related to the contamination

at and migrating from the Site, including but not limited to, past, unreimbursed response costs

incurred by the State, the estimated costs of hazardous waste closure, on-property removal

actions, remedial investigations and feasibility studies, and remedy determination and

implementation, the estimated future response costs, and the estimated natural resource damages.

However, The State's Unsecured Claim shall not include any claim for any costs for any relief

sought by the State in its Motion for Preliminary Injunction, irrespective whether such relief can

be characterized as "response costs," "removal costs," "natural resource damages" or other relief

under federal or state law.  Furthermore, this settlement constitutes a full and final settlement of

all claims by the State against Reichhold in the State's pending Motion For Preliminary

Injunctive Relief in U.S. District Court Civil Action No. 2: 14-cv-01843.  Reichhold reserves the

right to object to the Unsecured Claim on any ground whatsoever except for an objection that

this settlement in any way compromised or settled the Unsecured Claim,, and any objection shall

be resolved pursuant to the procedures for other claim objections filed in the Bankruptcy Case.

After any objection to the State's unsecured claim is resolved or if no objection is filed, any

allowed portion of the State's Unsecured Claim shall be paid in the same manner as other general

unsecured claims.

## BANKRUPTCY COURT APPROVAL AND SUBMITTAL OF CONSENT DECREE TO DISTRICT COURT FOR APPROVAL

6.      This Settlement Agreement shall be subject to approval of the Bankruptcy Court

and the occurrence of the Effective Date.  Reichhold shall promptly seek approval of this

Settlement Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure or other

4

52719/0001-11845412v4

applicable provisions of the Bankruptcy Code or orders of the Bankruptcy Court allowing the Debtors to obtain Bankruptcy Court approval of settlement agreements on a streamlined basis.

7.    Upon approval of this Settlement Agreement by the Bankruptcy Court, the State and Reichhold will submit the attached Consent Decree to the District Court for approval.

8.    If the Bankruptcy Court does not approve this Settlement Agreement or if the District Court does not approve the Consent Decree, this Settlement Agreement is null and void, and (a) the State and Reichhold shall not be bound hereunder or under any documents executed in connection herewith; (b) the State and Reichhold shall have no liability to one another arising out of or in connection with this Settlement Agreement or under any documents executed in connection herewith; (c) this Settlement Agreement and any documents prepared in connection herewith shall have no residual or probative effect or value and it shall be as if they had never been executed; and (d) this Settlement Agreement, any statements made in connection with settlement discussions, and any documents prepared in connection herewith may not be used as evidence in any litigation between or among the State and Reichhold.

## NOTICES AND SUBMISSIONS

9.    Whenever, under the terms of this Settlement Agreement, written notice is required to be given, or a report or other document is required to be sent by one party to another, it shall be directed to the individuals at the address specified below, unless those individuals or their successors give notice of a change of address to the other parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Except as otherwise provided in this Settlement Agreement, written notice shall constitute complete satisfaction of any written notice requirement in this Settlement Agreement with respect to the Debtors and the State.

5

52719/0001-11845412v4

As to the State:

Timothy Kern
Principal Assistant Attorney General
Environmental Enforcement Section
30 East Broad Street, Floor 25
Columbus, Ohio 43215

As to Reichhold:

Christopher R. Schraff, Esq.
Porter, Wright, Morris & Arthur LLP
41 South High Street, 30th Floor
Columbus, Ohio 43215

## AMENDMENTS/INTEGRATION AND COUNTERPARTS

10.    This Settlement Agreement and any other documents to be executed in connection herewith shall constitute the sole and complete agreement of the State and Reichhold hereto with respect to the matters addressed herein.  This Settlement Agreement may not be amended except by a writing signed by the State and Reichhold and approved by the Bankruptcy Court.

11.    This Settlement Agreement may be executed in identical counterparts each of which shall constitute an original and all of which shall constitute one and the same agreement. Facsimile and/or pdf signatures hereon shall be acceptable and deemed binding as if originals.

## RETENTION OF JURISDICTION

12.    The Bankruptcy Court shall retain jurisdiction over the subject matter arising from or related to this Settlement Agreement and the State and Reichhold hereto for the duration of the performance of the terms and provisions of this Settlement Agreement and the Bankruptcy Court shall retain exclusive jurisdiction to resolve any objections to the Unsecured Claim.

6

52719/0001-11845412v4

AGREED to by the following duly authorized individual on behalf of Reichhold:

REICHHOLD, INC.

By: _Roger L. Willis_

Printed Name: _Roger L. Willis_

Title: _Chief Financial Officer_

AGREED to by the following duly authorized individual on behalf of the State:

STATE OF OHIO

MICHAEL DeWINE
OHIO ATTORNEY GENERAL

By: _Timothy Kern_

Printed Name: _TIMOTHY KERN_

Title: _ASSISTANT OHIO ATTORNEY GENERAL_

7