UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STATE OF OHIO,** *ex rel.*
**MICHAEL DeWINE**
**OHIO ATTORNEY GENERAL,**

   Plaintiff,

-v-

   Case No.: 2:14-cv-1843
   JUDGE GEORGE C. SMITH
   Magistrate Judge Kemp

**SUPERIOR FIBERS, INC.,** *et al.***,**

   Defendants.

## OPINION AND ORDER

Plaintiff, the State of Ohio, initiated this case against Defendants Superior Fibers, Inc., William Miller, Superior Bremen Filtration, LLC, and Reichhold, Inc. and immediately moved for a preliminary injunction to "enjoin Defendants . . . to implement an Interim Action to address a plume of ground water contamination caused by the disposal of waste solvents at the manufacturing facility located at 499 North Broad Street, Bremen, Fairfield County, Ohio." (*See* Attachment A to Pl.'s Mot., Doc. 2). On September 30, 2015, the Court granted Plaintiff's Motion as to Defendants Reichhold, Superior Fibers and William R. Miller.[1] This matter is now before the Court on Defendant William R. Miller's Motion to Dismiss for Failure to Effectuate Service of Process and Failure to Prosecute (Doc. 71). For the reasons that follow, the Court **GRANTS** Defendant Miller's Motion.

---

[1] The Court has entered two consent decrees between the State and Defendant Reichhold, Inc., and Defendants Superior Fibers, LLC and Superior Bremen Filtration, LLC. (*See* Docs. 57 and 63).

## I. PROCEDURAL HISTORY

Plaintiff the State of Ohio initiated this action on October 9, 2014 against Defendants Superior Fibers, Inc., William R. Miller, Superior Bremen Filtration, LLC, Reichhold, Inc., and Superior Fibers, LLC alleging that Defendants have violated the Comprehensive Environmental Response Compensation and Liability Act of 1980 ("CERCLA"), as amended 42 U.S.C. §§ 9601 *et seq.*, and Ohio's surface water and hazardous waste laws under Ohio Revised Code §§6111.07(B), 3734.10, 3734.13(C), 3734.20(B), 3767.02–3767.06.

This matter involves the contamination of ground water caused by the disposal of waste solvents at the manufacturing facility located at 499 North Broad Street, Bremen, Fairfield County, Ohio (hereinafter "manufacturing facility" or "site"). This manufacturing facility has had several owners over the years, beginning with Reichhold from February 20, 1964 until May 11, 1984. Defendant Reichhold used trichloroethylene ("TCE") as a solvent in it manufacturing process and it disposed of or discharged TCE during its operation of the manufacturing facility. On September 30, 2014, Defendant Reichhold filed a Chapter 11 Voluntary Petition in the Bankruptcy Court for the District of Delaware, Case No. 14-12237-MFW.[2] (Doc. 1, Compl. at ¶¶ 11-13, 17-20).

Defendant Superior Fibers, Inc. was the owner and operator of the manufacturing facility from on or about May 11, 1984 until October 11, 2006. Defendant Superior Fibers manufactured fiberglass media at the manufacturing facility. Superior Fibers also used TCE as a solvent in its manufacturing process and disposed of the solvent during the time it operated the facility. Defendant William Miller is also named as an individual Defendant and is the statutory agent for

---

[2] The State of Ohio's commencement and continuation of this action against Defendant Reichhold is exempted from the automatic stay provision of the United States Bankruptcy Code pursuant to 11 U.S.C. § 362(b)(4).

Superior Fibers, Inc. (Doc. 1, Compl. at ¶¶ 8–9, 21–24).

Defendant Superior Bremen Filtration, LLC has been the owner and operator of the manufacturing facility from on or about October 11, 2006 until the present. (Doc. 1, Compl. at ¶ 25). There are no allegations in the Complaint, or otherwise, that Defendant Superior Bremen Filtration has used and/or disposed of any contaminants contributing to the ground water contamination.

## II. STANDARD OF REVIEW

Defendant Miller has moved to dismiss Plaintiff's Complaint against him pursuant to: Rules 4(m), 12(b)(2), 12(b)(4), 12(b)(5), and 41(b) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 4(c)(1) provides in pertinent part: "In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."

> Federal Rule of Civil Procedure 4(m) provides in applicable part:
>
> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.
>
> Federal Rule of Civil Procedure 12(b) provides:
>
> How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (1) Lack of subject-matter jurisdiction;
> (2) Lack of personal jurisdiction;
> (3) Improper venue;
> (4) Insufficient process;

(5) Insufficient service of process;
(6) Failure to state a claim upon which relief can be granted; and
(7) Failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

The Court's inherent authority to dismiss a plaintiff's action for failure to prosecute or comply with rules or court orders is expressly recognized in Rule 41(b), which provides in pertinent part: "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.,* 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT&T,* 176 F.3d 359, 63 (6th Cir. 1999). Furthermore, "it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." *Rogers v. City of Warren,* 302 F. App'x. 371, 375, n. 1 (6th Cir. 2008).

The United States Court of Appeals for the Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363). Dismissal under Rule 41(b) constitutes "a harsh sanction which the court should order only

in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff."
*Stough v. Mayville Comm. Schools*, 138 F.3d 612, 614 (6th Cir. 1998).

### III.  DISCUSSION

Defendant William R. Miller moves this Court to dismiss Plaintiff's claims against him pursuant to Rules 4(m), 12(b)(2), 12(b)(4), 12(b)(5), and 41(b) of the Federal Rules of Civil Procedure for failure to timely serve a summons and complaint, insufficiency of service of process, and failure to prosecute claims.  Mr. Miller asserts that he has been prejudiced because Plaintiff entered into settlement agreements with his former employers, Reichhold and Superior Fibers, LLC, but he was not able to participate in the discussions or even receive notice of the agreements because Plaintiff failed to serve him with the summons and complaint in this case.  He asserts that the claims against him would be subject to claims of indemnity against Reichold and Superior Fibers as his employer.  (Doc. 71, Miller MTD at 2).

Mr. Miller argues that pursuant to Rule 4 of the Federal Rules of Civil Procedure, Plaintiff was required to serve him with summons within ninety days after the filing of the complaint.  There is no dispute that Plaintiff failed to do so and did not seek an extension for service of the summons and complaint.

Plaintiff counters that it made a good faith effort to serve Defendant Miller the day of the filing of the original complaint, but the address was invalid.  (Doc. 74, Pl.'s Resp. at 2).  Plaintiff then asserts that eventually a paralegal in the office of Environmental Enforcement used an investigative tool called "skip tracing" to locate Mr. Miller's address.  (*Id.*).  However, Plaintiff has not provided any reason for the delay in conducting the investigation to discover the updated address for Mr. Miller, nor that it was taking reasonable measures to attempt to locate the address for Mr.

Miller during this twenty-two month span of time. Plaintiff further argues that although it entered into consent decrees with Reichhold, Inc. and Superior Fibers, LLC and Superior Bremen Filtration, LLC, both consent decrees reserve the State's right to pursue claims against Defendant Miller and nothing in the consent decrees precludes Defendant Miller from bringing indemnification claims against those entities. (*Id.*). Finally, Plaintiff asserts that if the Court were to dismiss the claims against Mr. Miller, it would have to be without prejudice as there has been no adjudication on the merits of Plaintiff's claims against Defendant Miller. (*Id.*).

Defendant Miller, however, argues for dismissal with prejudice citing the district court's inherent power to dismiss a claim with prejudice under certain circumstances, particularly in cases where the party would be materially prejudiced. *Crone-Schierloh v. Hammock*, No. 2:12-cv-410, 2013 U.S. Dist. LEXIS 195010, *13 (S.D. Ohio May 22, 2013) (Smith, J.). The long standing principle of the United States Supreme Court, that federal courts have authority to "dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link,* 370 U.S. at 629–30.

There is no dispute that Plaintiff failed to serve Defendant Miller until almost two years into the litigation and has not provided any basis for the failure other than the initial attempt to serve had the incorrect address. There is absolutely no argument or evidence to suggest that Plaintiff was diligently working on finding Mr. Miller's address to serve him. Therefore, Plaintiff is at fault for not taking any action to serve Defendant Miller. Meanwhile, Plaintiff was actively pursuing the claims against the corporate defendants, including Mr. Miller's former employers, Reichold, Inc.

and Superior Fibers, LLC. Plaintiff has entered into consent decrees with these Defendants to the detriment of Defendant Miller. Had he properly been served, his interests could have been represented in the consent decree as a former employee, or he could have at least participated in those negotiations. Defendant Miller did not even receive notice of the proposed consent decrees because of Plaintiff's failure to properly and timely serve him with the summons and complaint. Although Plaintiff argues that the consent decrees do not bar Defendant Miller from pursuing indemnification from his former employers, Defendant Miller will suffer prejudice from not being able to enter into the consent decrees along with his former employers and continued litigation in this case personally will be far more burdensome and expensive. The Court has weighed the burden to Defendant Miller against the interests of the State in protecting the environment and this is a very close case. Dismissal of a claim for failure to prosecute is a harsh sanction which should only be imposed in extreme situations in which the plaintiff has exhibited willful conduct which clearly demonstrates resistance or disobedience of court orders. *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731 (6th Cir. 2008) (citing *Wu v. T.W. Wang, Inc*., 420 F.3d 641, 643 (6th Cir. 2005)). However, after weighing the factors, the prejudice to Defendant Miller outweighs Plaintiff's interest in this case, and, therefore, Defendant Miller's Motion to Dismiss is **GRANTED**.

## IV. CONCLUSION

Based on the foregoing, Defendant Miller's Motion to Dismiss is **GRANTED.** Plaintiff's claims against Defendant Miller are hereby dismissed with prejudice.

Following the dismissal of Defendant Miller, the only remaining Defendant in this case is Superior Fibers, Inc. Plaintiff moved for the entry of default on December 17, 2014, which was entered by the Clerk of this Court on January 13, 2015. However, since that time, Plaintiff has failed to take any action against Defendant Superior Fibers, Inc. In order to obtain a default judgment, Plaintiff is required to file a separate motion. *See* Local Civil Rule 55.1(b). Such a motion shall be filed within fourteen days of the date of this Opinion and Order. If Plaintiff does not intend to pursue the claims against Defendant Superior Fibers, Inc., it should file a proposed dismissal entry.

The Clerk shall remove Document 71 from the Court's pending motions list.

**IT IS SO ORDERED.**

        *s/ George C. Smith*
        **GEORGE C. SMITH, JUDGE**
        **UNITED STATES DISTRICT COURT**