UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STATE OF OHIO,
ex rel., MICHAEL DEWINE,
OHIO ATTOREY GENERAL,

   Plaintiff,

               Civil Action 2:14-cv-1843
               Judge George C. Smith
  v.             Magistrate Judge Chelsey M. Vascura

SUPERIOR FIBERS, INC. *et al.*,

   Defendants.

## REPORT AND RECOMMENDATION

   Plaintiff, the State of Ohio, initiated this case against Defendants, Superior Fibers, Inc, William Miller, Superior Fibers LLC, Superior Bremen Filtration, LLC, and Reichhold, Inc., asserting state and federal environmental law claims pertaining to hazardous substances released at a manufacturing facility located at 499 North Broad Street, Bremen, Fairfield County, Ohio. On July 12, 2017, Plaintiff filed a Motion for Default Judgment against Defendant Superior Fibers, Inc. on Counts One Through Nine in the Complaint (ECF No. 80).  The Court referred this Motion to the undersigned to conduct a hearing and issue a Report and Recommendation. (ECF No. 82.)  For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion for Default Judgment (ECF No. 80) be **DENIED**, that this Court *sua sponte* dismiss Defendant Superior Fibers, Inc. for failure to timely effect service of process, and that the Court permit briefing to consider whether the dismissal will be with prejudice.

## I.

Plaintiff initiated this action on October 12, 2014, against Defendants, Superior Fibers, Inc.; William R. Miller; Superior Bremen Filtration, LLC; and Reichhold, Inc. (Pl.'s Compl., ECF No. 1.) Plaintiff later amended the Complaint to add Superior Fibers, LLC, as a Defendant. (Pl.'s Am. Compl., ECF No. 48.) Reichhold, Inc. subsequently entered into a consent decree with Plaintiff, agreeing to pay $75,000 in full satisfaction of the Administrative Claim. (Feb. 19, 2016 Consent Decree, ECF No. 57, at p. 13.) Defendants Superior Fibers, LLC and Superior Bremen Filtration, LLC also entered into a consent decree and final judgment with Plaintiff, whereby Defendants agreed to pay the State $150,000. (Sept. 9, 2016 Consent Decree, ECF No. 63, at p. 3.) On June 29, 2017, the Court dismissed Defendant Miller because Plaintiff had failed to timely effect service of process. (*See* June 29, 2017 Opinion & Order, ECF No. 78.) In that Opinion and Order, the Court found that Plaintiff had failed to effect proper service over Defendant Miller until almost two years past Rule 4(m)'s ninety-day requirement. (*Id.* at 5–6.)

Thus, the only remaining Defendant is Superior Fibers, Inc. Review of the docket reflects a summons issued to "Superior Fibers, Inc., c/o Richard T. Ricketts, Statutory Agent, 50 Hill Road South, Pickerington, Ohio 43147." (ECF No. 8.) The Clerk mailed the Summons and Complaint to Mr. Ricketts on October 31, 2014. (ECF No. 11.) Mr. Ricketts accepted and signed for the certified mail on November 3, 2014. On November 6, 2014, the Clerk's office received the green card showing that the certified mail package had been executed on November 3, 2014. (ECF No. 12. at p. 3–4.)

Review of the docket shows that William R. Miller, the defendant who was dismissed for failure to timely effect service, is listed as the statutory agent for Superior Fibers, Inc., not Richard T. Ricketts. In addition, in the June 29, 2017 Opinion and Order dismissing Mr. Miller as a defendant in his individual capacity, the Court noted that Mr. Miller was the statutory agent for Superior Fibers, Inc. (Opinion & Order, ECF No. 78, at pp. 2–3 ("Defendant William Miller is also named as an individual Defendant and is the statutory agent for Superior Fibers, Inc.").)

Defendant Superior Fibers, Inc. never answered or otherwise responded to the Complaint. Plaintiff applied for an Entry of Default against Superior Fibers, Inc. on December 17, 2014 (ECF No. 18), and the Clerk entered default on January 13, 2015. (ECF No. 20.) Plaintiff filed its Motion for Default Judgment against Superior Fibers, Inc. on July 7, 2017, and requested a hearing to determine the amount of damages it was to be awarded. (ECF No. 80.)

The undersigned held a hearing on November 20, 2017. At the hearing, Plaintiff requested $237,836.71 from Superior Fibers, Inc. for past response costs associated with the release of hazardous waste materials at the manufacturing site, as well as an order requiring Superior Fibers, Inc. to submit to and comply with an approved closure plan covering the at-issue manufacturing site. (*Id.* at 26–27 ¶ 12.)

During the hearing, the undersigned also raised the issue of whether Defendant Superior Fibers, Inc. was properly served. Specifically, the Court noted that the Ohio Secretary of State's website identified William R. Miller, not Richard T. Ricketts, as the current statutory agent for Superior Fibers, Inc. (Hr'g Tr. 42–43 ¶ 9.) The docket reflects that Mr. Ricketts was the attorney of record for Mr. Miller in addition to being the statutory agent for Defendant Superior Fibers, LLC. (*Id.* at 49 ¶¶ 5–6; 43 ¶¶ 6–9.)

3

When first questioned about the service of Defendant Superior Fibers, Inc., counsel for the State of Ohio was adamant he served the correct statutory agent. (Hr'g Tr. 42 ¶¶ 18–23; 46 ¶¶ 10-–13.) Later in the hearing, though, counsel remembered that Mr. Ricketts had informed him that he was *not* the statutory agent for Superior Fibers, Inc. (*Id.* at 51 ¶¶ 23–25; 58 ¶¶ 13–15.)

Plaintiff's counsel also argued because Mr. Miller had been served as a defendant in his individual capacity, he had actual knowledge about the lawsuit against Superior Fibers, Inc. even if service was technically improper. (Hr'g Tr. 53 ¶ 18–21.) Plaintiff's counsel contended that Mr. Ricketts, as the statutory agent for other defendants in the lawsuit and as the attorney for Mr. Miller, should have informed Mr. Miller about the lawsuit against Superior Fibers, Inc. (*Id.* at 51 ¶ 8–52 ¶ 8.) Plaintiff's counsel emphasized his personal belief that Ricketts was the statutory agent for Superior Fibers, Inc. and also his view that improper service should not bar an award of damages because it is the defendant's burden to raise such a defense. (*Id.* at 52 ¶ 1–3.)

Following the hearing, the undersigned consulted the Ohio Secretary of State's website to ascertain who the statutory agent for Superior Fibers, Inc. was during the operative time period, namely, when Plaintiff attempted service via sending the summons and Complaint to Mr. Ricketts. The website reflects that William R. Miller has been the only statutory agent listed for Superior Fibers, Inc. since its creation in 1984. *See* Ohio Sec. of State, Corporation Details, Doc. No. F391_0863, *available at*: https://www5.sos.state.oh.us/ords/f?p=100:7:::NO:7:P7_CHARTER_NUM:627619. The undersigned further confirmed that Richard T. Ricketts was listed as the statutory agent for Defendants Superior Fibers, LLC and Superior Bremen Filtration, LLC. *See* Ohio Sec. of State, Corporation Details, Doc. No. 200622802694, *available at*:

4

https://www5.sos.state.oh.us/ords/f?p=100:7:::NO:7:P7_CHARTER_NUM:1643211; Ohio Sec. of State, Corporation Details, Doc. No. 200622802566, and

https://www5.sos.state.oh.us/ords/f?p=100:7:::NO:7:P7_CHARTER_NUM:1641724.

**II.**

Under Federal Rule of Civil Procedure 55, a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. Fed. R. Civ. P. 55. In order for a Plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003). Next, a Plaintiff must apply to the court for a decision as to whether to grant default judgment. Fed. R. Civ. P. 55(b)(2). Before a Court can award a judgment in a Motion for Default Judgment however, the Court must have personal jurisdiction over the named defendant. *See Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, 229 F.3d 1153 (Table), 2000 WL 1257040, at *5 (6th Cir. July 11, 2000) (citing 10A Wright, Miller & Kane, *Fed. Prac. & Proc. Civ.3d* § 2682).

In order to have personal jurisdiction over a named defendant, a defendant must be properly served. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also Mississippi Pub. Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946) ("[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (internal citations omitted)). Otherwise, without proper service over a defendant, a Court is "powerless to proceed to an adjudication." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (quoting *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999)).

Additionally, service of process on a corporate defendant must be done in accordance with Federal Rule of Civil Procedure 4(h), which provides:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

Finally, Federal Rule of Civil Procedure 4(m) requires dismissal of a Plaintiff who has not been timely served unless the plaintiff shows good cause for the failure:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m)

### III.

Applying the foregoing authority here requires the conclusion that Plaintiff's Motion for Default Judgment be denied because this Court lacks personal jurisdiction over Defendant Superior Fibers, Inc. This Court lacks personal jurisdiction because Plaintiff failed to effect

proper service over Defendant Superior Fibers, Inc. Moreover, because the deadline for effecting service has long passed, dismissal of Defendant Superior Fibers, Inc. as a Defendant is proper.

It is undisputed that Plaintiff sent the summons to Richard T. Ricketts and that Mr. Ricketts signed the returned slip. (*See* ECF No. 12.) But Mr. Ricketts was not the proper statutory agent to accept service on behalf of Superior Fibers, Inc. Rather, as discussed above, William R. Miller has been the statutory agent for Superior Fiber, Inc. since the corporations beginning.[1]

Unless Mr. Ricketts is an agent of Superior Fibers, Inc., his actions do not bind the corporation. The record does not contain any evidence to suggest that Mr. Ricketts was acting as an agent of Superior Fibers, Inc. at the time he signed the return slip. The fact that Mr. Ricketts was Mr. Miller's attorney does not thereby create the authority to accept service on behalf of his client for another corporation. *See Arthur v. Litton Loan Servicing LP*, 249 F.Supp.2d 924, 929–30 (E.D. Tenn. Nov. 19, 2002) (citing *United States v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) (finding that "it cannot be implied from the attorney-client relationship that [an attorney] is authorized to accept service for his client")). Moreover, at the hearing, Plaintiff's counsel admitted that Mr. Ricketts had informed him that he was not an agent of Superior Fibers, Inc. (*See* Hr'g Tr. 58 ¶¶ 13–25.)

Nor are these technical deficiencies cured if Plaintiff could show that Mr. Miller was on notice of the lawsuit. At the hearing, Plaintiff's counsel argued that Miller had actual knowledge of the lawsuit because he had been named as a Defendant. (Hr'g Tr. 53 ¶¶ 18–21.) Plaintiff's

---

[1] The Court may take judicial notice of the Ohio Secretary of State's identification of a corporation's statutory agent. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

counsel further posited that because Mr. Ricketts was involved in the lawsuit from the beginning, he should have told Mr. Miller that the lawsuit also named Superior Fibers, Inc. as a Defendant. (*Id.* at 51–52 ¶ 8.)  Notwithstanding what Mr. Ricketts may have told Mr. Miller, actual knowledge of a lawsuit does not equal proper service or otherwise confer personal jurisdiction over a defendant.  *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1155-56 (6th Cir. 1991) (holding that actual knowledge of the lawsuit does not substitute for proper service of process or cure technically defective service of process); *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976) ("[D]ue process requires proper service of process in order to obtain *in personam* jurisdiction.").

Finally, the undersigned is not persuaded by Plaintiff's contention that improper service must be raised as a defense rather than *sua sponte* by the Court when the Court has knowledge that service has not been perfected.  As discussed above, Rule 4(m) explicitly mandates that "the court—on motion *or on its own* after notice to the plaintiff—must dismiss the action" where a plaintiff has failed to timely effect service of process.  Fed. R. Civ. P. 4(m) (emphasis added). Although personal jurisdiction may be waived, there has been no such waiver here because Superior Fibers, Inc. has never entered an appearance at any proceeding or otherwise litigated this case.

**IV.**

In sum, the undersigned concludes that the Court lacks personal jurisdiction over Defendant Superior Fibers, Inc. because it has not been properly served.  It is therefore **RECOMMENDED** that Plaintiff's Motion for Default Judgment be **DENIED**.  (ECF No. 80.) In addition, because Plaintiff failed to timely serve Defendant Superior Fibers, Inc., it is further

**RECOMMENDED** that Defendant Superior Fibers, Inc. be dismissed from this case. Typically, when defendants are dismissed from a case due to improper service, they are dismissed without prejudice. *See Friedman*, 929 F.2d at 1158; Fed. R. Civ. P. 4(m). The facts and circumstances of this case, however, suggest that dismissal *with* prejudice may be appropriate. The undersigned therefore **RECOMMENDS** that the Court permit Plaintiff to brief the issue of whether dismissal of Superior Fibers, Inc. should be without prejudice.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE